CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 23 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICKY LEE VANCE,<br><br>  Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | Case No. 7:14CV00354 |
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RICKY LEE VANCE,<br><br>  Defendant. | Case No. 1:94CR00022<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. Glen E. Conrad<br>Chief United States District Judge |

The petitioner, a federal inmate proceeding pro se, has filed a pleading that he styles as a "PETITION FOR WRIT OF ERROR CORAM NOBIS AND OR AUDITA QUERELLA [sic] WITH REQUEST FOR COUNSEL." (Pet. 1.) The court docketed the pleading as a petition for a writ of coram nobis under the All Writs Act, 28 U.S.C. § 1651(a). After review of the petition and the court's records, however, the court finds that petitioner is not entitled to the relief requested under § 1651, and that his submission is appropriately construed and summarily dismissed as an unauthorized second or successive motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255.[1]

---

[1] The court is not bound by the § 1651 label that a pro se petitioner attaches to his pleading and may liberally construe and address his submission according to the nature of the relief sought. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) (finding that habeas petitioner's filing seeking relief under change in substantive law subsequent to first habeas proceeding is properly construed and dismissed as successive habeas).

Petitioner Ricky Lee Vance, after the breakup of his marriage in 1995, placed a bomb near two tanks of liquid oxygen owned by Bristol Compressors, his wife's employer, but the bomb failed to explode. A jury found Vance guilty of use of a destructive device in a crime of violence, 18 U.S.C. § 924(c) (Count One); attempted destruction of a building used in interstate commerce by means of an explosive, 18 U.S.C. § 844(i) (Count Two); possession of an unregistered destructive device, 26 U.S.C. § 5861(d) (Count Three); and receiving or transporting stolen explosive materials, 18 U.S.C. § 842(h) (Count Four). At sentencing, the court heard evidence that, while awaiting sentence, Vance had attempted to hire a hit man to kill his wife, and that the bomb would have caused extensive damage had it exploded. Finding that Vance's "propensity for recidivism was not adequately accounted for by [his] criminal history category," the court sentenced Vance to a total of 720 months in prison, consisting of consecutive sentences of 120 months on Count Two, Three, and Four, and a consecutive sentence of 360 months on Count One. United States v. Vance, 87 F.3d 1309, 1996 WL 308280, at *2 (4th Cir. 1996). Vance's appeal was unsuccessful. Id.

Vance filed his current petition on July 18, 2014, alleging that he is entitled to a writ of coram nobis or audita querela, such that the court must vacate his sentence and reopen his case for resentencing. Vance asserts that at the time he was sentenced in February 1995, applicable law limited his sentence exposure on Count Two to only thirty years in prison and required the jury to determine the proper sentence in his case. In the instant petition, Vance argues that because the court, not the jury, determined his lengthy prison term, his sentence violated his statutory and constitutional rights and must be vacated through a writ of coram nobis. Vance argues, without explanation, that the statutory amendments on which he relies were "buried and hidden," which prevented him, his trial attorney, and the prosecutor from discovering them for

-2-

nearly twenty years. Vance demands a writ of audita querela because the court did not give him notice of its intent to apply the presentence report recommendation to depart upward. See Fed. R. Crim. P. 32(h).

A petition under § 1651, such as one seeking a writ of coram nobis or audita querela, is not available to a defendant in federal custody to raise claims that were or could have been raised through other remedies, such as a motion for new trial or a motion seeking collateral relief under § 2255. See, e.g., United States v. Johnson, 237 F.3d 751, 755 (6th Cir. 2001) (coram nobis); United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2000) (writ of audita querela). Moreover, the writ of coram nobis was "traditionally available only to bring before the court factual errors 'material to the validity and regularity of the legal proceeding itself,' such as the defendant's being under age or having died before the verdict." Carlisle v. United States, 517 U.S. 416, 429 (1996) (citation omitted). The writ of audita querela is "available in criminal cases [if at all] where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and [was] not redressable pursuant to another postconviction remedy." 7 Am. Jur. 2d Audita Querela § 1 (2014).

Vance is clearly not entitled to either of the writs he seeks. He previously filed a § 2255 motion challenging the same criminal judgment and sentence that he challenges in this petition. Vance v. United States, Case No. 7:97CV00316 (W.D. Va. Feb. 25, 1998), appeal dismissed, 153 F.3d 724 (4th Cir. Aug. 7, 1998). Because Vance had an available remedy under § 2255 to challenge the validity of his sentence and he remains in federal custody, he cannot pursue his current claims in a petition for any writ under § 1651. Johnson, 237 F.3d at 755; Valdez-Pacheco, 237 F.3d at 1080. Moreover, his current challenge is not based on any fundamental

factual error as required to warrant coram nobis relief, nor does it raise a newly minted legal objection to his convictions, as was the purpose of audita querela.[2]

Because Vance may not proceed with his claims through any extraordinary writ under § 1651(a), the court construes his claims as a § 2255 motion. This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). Vance has already taken his bite at the § 2255 apple and admits in his petition that he has not obtained certification from the Court of Appeals to file a second or successive § 2255 motion. Therefore, the court must dismiss his current motion as successive. An appropriate order will enter this day.

The clerk will send a copy of this memorandum opinion and the accompanying order to the petitioner.

ENTER: This 22d day of July, 2014.

*/s/ Glen Conrad*
Chief United States District Judge

---

[2] Moreover, Vance's 120-month sentence on Count Two was well under the thirty-year limit he now espouses, and the Fourth Circuit upheld the court's upward departure in calculating his sentence. Vance, 1996 WL 308280, at *2-3 (affirming convictions and sentence).

-4-